IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO. 3:07-mc-135-MBS |
| | ) | |
| A MATTER UNDER | ) | |
| INVESTIGATION BY GRAND | ) | FILED UNDER SEAL |
| JURY NUMBER 1 | ) | |
| (#2007R00845) | ) | |

**PETITION FOR A RULE TO SHOW CAUSE WHY PAMELA BROOKS SHOULD NOT BE ORDERED TO REPATRIATE FUNDS THAT REPRESENT PROFITS OF THE ILLEGAL PONZI SCHEME AND MEMORANDUM IN OPPOSITION TO MOTION TO JOIN CAROLYN AND MICHAEL THOMAS'S PETITION FOR LEAVE TO FILE SUIT AGAINST THE RECEIVER BEATTIE B. ASHMORE, IN HIS OFFICIAL CAPACITY, IN THE STATE OF NORTH CAROLINA**

The Receiver, Beattie B. Ashmore, Esquire, appointed by the Court pursuant to an Order filed on September 5, 2007, amended on October 10, 2008 ("Court Orders"), respectfully submits the following Petition for a Rule to Show Cause Why Pamela Brooks Should Not Be Ordered to Repatriate Funds that Represent Profits of the Illegal Ponzi Scheme ("Rule to Show Cause") and Memorandum in Opposition to Pamela Brooks' ("Brooks") Motion to Join Michael L. Thomas and Carolyn Thomas's ("Thomases") Petition for Leave to File Suit Against the Receiver Beattie B. Ashmore, in his official capacity, in the State of North Carolina ("Motion").

As stated in detail below, Brooks profited from the Ponzi scheme that is the subject of the underlying criminal case. Based upon the reasons set forth below, the Receiver submits that the Court should grant the Receiver's Rule to Show Cause and deny Brooks' Motion.

## PROCEDURAL BACKGROUND

Pursuant to the Court Orders and related to the underlying criminal matter noted below, the Receiver took over all the financial and business affairs for a number of individuals and companies (collectively "3HB"). The Court Orders required the Receiver, among other things, to locate and manage assets previously acquired by and/or in the name/possession of 3HB. In addition, Brunson, McQueen and Pough and others, including by definition and scope Brooks, were subject to a Preliminary Injunction. (ECF No. 43.)

On August 21, 2008, Brunson, McQueen, and Pough[1] were indicted by a federal grand jury in the United States District Court for the District of South Carolina. A Superseding Indictment was entered on September 10, 2008. In the Superseding Indictment, Brunson, McQueen, and Pough were charged with multiple counts of mail fraud, transporting stolen goods and money laundering.

In addition, the Superseding Indictment provided that upon conviction certain property would be subject to forfeiture. On November 20, 2009, Brunson, McQueen, and Pough were convicted on all counts and the jury returned a special verdict for forfeiture in the amount of Eighty-Two Million Dollars. On February 23, 2010, the Court entered a Preliminary Order of Forfeiture.

## FACTUAL BACKGROUND

By way of background and as it relates to Brooks' connection to the criminal Ponzi scheme orchestrated and effectuated by the 3HB, the Receiver offers the following facts. As part of the Ponzi scheme, the 3HB, through their company Capital Consortium

---

[1] These criminal defendants are the principal component in the 3HB and are included in the above defined 3HB.

Group ("CCG"), utilized Independent Representatives ("IRs") to recruit individuals to invest in a system of "programs" guaranteeing such results as the payoff of mortgages, credit cards, and car loans as well as highly profitable short and long term investments. In addition to payoffs received through participation in a "program", the IRs profited from their involvement in the scheme through the award of IR fees. Brooks and other IRs would frequently come to Columbia, South Carolina, the location of CCG's headquarters, and strategize with the 3HB regarding the recruitment and solicitation of investors or depositors into the "programs" offered in the Ponzi scheme.

For her solicitation and recruitment efforts, Brooks received IR fees totaling $80,585.00. (Ex. A.) In addition, Brooks received direct payoffs or payments totaling $27,957.33. (Id.) Last, after investing $73,200, Brooks received a return on investment totaling $11,410.00. (Id.) On September 20, 2010, counsel for the Receiver sent Brooks a letter asking her to contact the Receiver regarding repayment and disgorgement of profits. (Ex. B.) No response was received from Brooks. To date, none of Brooks' property has been seized and no funds have been frozen.

On November 4, 2010, Brooks filed the instant Motion seeking to join one of the primary co-conspirators with the 3HB, the Thomases, in their continued attempt to impede the Receiver's ability to fulfill its Court-appointed duties. Specifically, Brooks seeks to join the Thomas's Petition for Leave to File Suit Against the Receiver Beattie B. Ashmore, in his official capacity, in the State of North Carolina.[2]

---

[2] The substance of the Thomas's Petition and the Receiver's response thereto is well known to the Court as the matter is currently pending adjudication.

## LEGAL DISCUSSION

### a. Rule to Show Cause

"A Receiver may proceed summarily to recover money belonging to the receivership by petition to the appointing court for an order to show cause against a possessor not a party to the original action." United States v. Arizona Fuels Corp., 739 F.2d 455, 458 (9th Cir. 1984). As set forth above, Brooks is in possession of funds that flowed directly from the illegal activity that is the subject of the underlying criminal case. As such, Brooks has no valid claim to these funds. Therefore, the Receiver asks the Court to issue a Rule to Show Cause why Brooks should not be required to repatriate profits acquired from the illegal Ponzi scheme.

### b. Petition

In their Petition, the Thomases ask the Court for leave to file suit against the Receiver in the State of North Carolina or in the alternative seek a ruling by the Court that the Receiver failed to comply with the filing requirements of 28 U.S.C. § 754. The Receiver vehemently opposes Brooks' Motion for several reasons.

First, to date, unlike the Thomases, the Receiver has not seized any property nor frozen any funds that allegedly belong to Brooks. As such, Brooks lacks standing to assert the claims and seek the relief alluded to in her Motion.

Second, Brooks has failed to articulate any valid grounds for relief. "[O]ne clear principle emerges from cases dealing with a district court's supervision and administration of an equity receivership: '[T]he district court has broad powers and wide discretion to determine the appropriate relief in the equity receivership.'" SEC v. Stanford Int'l Bank, Ltd., 2009 U.S. Dist. LEXIS 124377, *16 (N.D. Tex. 2009) (quoting

SEC v. Safety Fin. Serv., Inc., 674 F.2d 368, 372-73 (5th Cir. 1982)(internal quotations and citation omitted); see also FDIC v. Bernstein, 786 F. Supp. 170, 177 (E.D.N.Y 1992)("[A] district court has extremely broad discretion in supervising an equity receivership and in determining the appropriate procedures to be used in its administration."); 13 James Wm. Moore et al., Moore's Federal Practice P 66.06[4][a] (3d ed. 1997) ("[L]itigation regarding the actual supervision of the court over the receivership is rare . . . Nonetheless, the opinions that do discuss this issue tend to agree that the district court has remarkably broad discretion in its supervision of the receivership and . . . the administration of the receivership.").

The Court's October 10, 2008, Order specifically states, "Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by Three Hebrew Boys, or the Receiver's officers, agents, employees, independent representatives or any other person, by reason of any act or omission by the Receiver in connection with the discharge of his duties and responsibilities hereunder." (ECF No. 160.) At no time did Brooks request leave to sue nor is there *any* basis for Brooks to file suit against the Receiver for gross negligence. For this reason, the Receiver asserts Brooks' Motion should be dismissed. In addition, because there is no good faith basis for Brooks to seek leave to file suit against him, the Receiver asks that the Court sanction Brooks for filing a Motion, the sole purpose of which is to impede the efforts of a Court-appointed Receiver.

Respectfully submitted,

*THE TOLLISON LAW FIRM, P.A.*

/s/L. Walter Tollison, III
L. Walter Tollison, III
Federal Bar No. 4117
Walt.tollison@thetollisonlawfirm.com
24 Vardry Street, Suite 203
Greenville, South Carolina 29601
Phone:  (864) 451-7038
Fax:      (864) 451-7591


**Attorney for the Receiver, Beattie B. Ashmore**