UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| A MATTER UNDER INVESTIGATION ) | No. 3:07-MC-135 |
| BY GRAND JURY NUMBER 1 ) | |
| (#2007R00845) ) | **FILED UNDER SEAL** |

## PETITION FOR A RULE TO SHOW CAUSE

The Receiver, Beattie B. Ashmore, appointed by this Court pursuant to an Order, filed UNDER SEAL on September 5, 2007, and amended on October 10, 2008, (collectively "Court Orders"), petitions the Court for a Rule to Show Cause why Mr. Curtis Smith and Free Gospel Church of our Lord and Savior Jesus Christ ("Free Gospel") should not be ordered to immediately turn over to the Receiver the 2001 Ford Thomas Shuttle Bus, VIN 1FDXE45S11HA87262 ("Bus") and vacate the building located at 139 Fore Avenue, Columbia, SC ("Building") by December 31, 2010, leaving behind all contents that were purchased with funds originating from the Three Hebrew Boys' operation.

In a September 5, 2007 Order, filed UNDER SEAL, ("September Order") the Court assigned the Receiver full control and possession of a number of assets acquired by Mr. Tony Pough, Mr. Tim McQueen and/or Mr. Joseph Brunson, individually or doing business as a number of entities listed in the Court Orders, collectively the Three Hebrew Boys ("3HB"). On November 27, 2007, the September Order was amended to include a number of additional entities to the definition of 3HB, including Free Gospel. Free Gospel is the record owner of

the Building[1]. The Building was purchased with funds originating from an account that was funded with 3HB money. (Ex. B.) Despite the Receiver's clear legal authority to seize the Building, Free Gospel has been allowed to continuously operate out of the Building without interference from the Receiver, provided they adhere to certain instructions regarding its maintenance, tax obligations and insurance coverage. The former pastor of Free Gospel was Mr. Joseph Brunson; however, since Mr. Brunson's conviction, Free Gospel has been represented by Mr. Curtis Smith ("Smith"). (Tollison Aff. ¶¶ 4-5.)

After discovering that Free Gospel lost its tax exempt status and became delinquent on its taxes, the Receiver determined that it was necessary to take possession of the Building. On October 6, 2010, L. Walter Tollison, III, counsel for the Receiver ("Counsel"), wrote to Smith, as the representative of Free Gospel, notifying him that the Receiver intended to take possession of the Building and giving him the choice of vacating or leasing the Building within thirty days. (Ex. C.) Thereafter, Smith requested a meeting and he (along with Fred Marshall and Randolph Croker, representatives for Free Gospel) and Counsel, met on October 19, 2010. (Tollison Aff. ¶ 5.) At the meeting, all parties agreed that the Receiver would conduct an appraisal, inspection and inventory of the building. (Tollison Aff. ¶ 6.) In an October 28, 2010 letter, the Receiver informed Smith that these events could occur simultaneously on November 3, 2010. (Ex. D.) At the time of the appraisal, inspection and inventory, all items present in the Building were recorded, including, but not limited to, pulpit furniture, office furniture, music equipment, television equipment and church chairs ("Contents"). Additionally, the Receiver's records reflect transactions in excess of One

---

[1] On November 13, 2007, Free Gospel attempted to transfer ownership of the Building by means of a quit claim deed to Free Gospel Outreach. (Ex. A.)

Hundred Thousand Dollars that could be attributable to the purchase of items suitable for furnishing a church. (Ex. E.)

Subsequent to the inspection of the Building, the Receiver's staff learned of the purchase of the Bus acquired with funds originating from the Three Hebrew Boys operation. (Tollison Aff. ¶ 8; Ex. F.) As a result, in a November 5, 2010 letter, Counsel inquired of Smith about the whereabouts and condition of the Bus. (Ex. G)  Subsequently, in a November 11, 2010 phone conference, Smith told Mr. L. Walter Tollison, III, that he knew the location of the Bus but refused to share that location with the Receiver without first discussing the matter with the Free Gospel leadership and/or congregation. (Tollison Aff. ¶¶ 12-13.)  On November 17, 2010, Smith spoke to Mr. Tollison on the phone and stated that the Free Gospel congregation elected not to voluntarily return the Bus to the Receiver. (Tollison Aff. ¶ 12.)  Smith also stated that Free Gospel would not be able to make lease payments for use of the Building. (Tollison Aff. ¶ 13.)  However, Bishop Marshall called Counsel on November 22, 2010 and stated that he and Smith had discussed matters and agreed to return the Bus. (Tollison Aff. ¶ 14.)  Counsel called Smith on November 23, 2010 and left a message regarding the transfer of the Bus but Smith has not arranged for the transfer. (Tollison Aff. ¶ 15.)

THEREFORE, the Receiver petitions the Court for a Rule to Show Cause why Free Gospel should not be ordered to return possession of the Bus to the Receiver within five (5) business days and vacate the Building by December 31, 2010, leaving behind all Contents.

Respectfully submitted,

*[signature]*

L. Walter Tollison, III
The Tollison Law Firm, P.A.
24 Vardry Street, Suite 203
Greenville, SC 29601
Counsel for the Receiver

November **29**, 2010
Greenville, South Carolina