IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 3:08-615 |
| vs. ) | |
| ) | |
| Tony Pough, Joseph Brunson, Timothy ) | |
| McQueen, ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| | |
| In re: ) | |
| ) | C/A No. 3:07-mc-135 |
| A Matter Under Investigation by ) | |
| Grand Jury Number 1 ) | |
| (#2007R0085) ) | |
| _____) | |

**ORDER UNSEALING DOCUMENTS**

These matters involve the activities of Defendants Tony Pough, Joseph Brunson, and Timothy McQueen, also known as the Three Hebrew Boys and the various business entities with which they are affiliated. On September 5, 2007, the court entered an order in the miscellaneous case appointing Beattie B. Ashmore, Esquire as Receiver with full and exclusive power, duty, and authority to locate and seize assets and to manage the business affairs, funds, assets, choses in action, and any other property of Defendants. A preliminary injunction was issued on September 18, 2007. Supplemental orders relating to the duties of the receiver were issued on November 27, 2007 and October 10, 2008.

Defendants were indicted on June 20, 2008. A superseding indictment filed August 21, 2008

charged Defendants with attempt and conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; frauds and swindles in violation of 18 U.S.C. § 1341; scheme to defraud money, in violation of 18 U.S.C. § 2314; and engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2. Defendants proceeded to trial and were found guilty on all counts by a jury on November 20, 2009.

At the request of Defendants, on November 24, 2009, the court issued an order unsealing a number of documents in the miscellaneous case. (See ECF No. 259 in C/A No. 3:07-mc-145.) The court denied Defendants' motion to the extent that the motion sought to unseal entries made by the Receiver for the court's eyes only, as well as entries concerning grand jury matters. Certain exhibits were redacted to prevent disclosure of information generated for the court's eyes only.

On February 23, 2010, the court issued a preliminary order of forfeiture in the criminal case that related, in part, to the duties of the Receiver. (See ECF No. 349 in Cr. No. 3:08-615.) In the February 23, 2010 preliminary order of forfeiture, the court determined that because of the number of properties involved, the difficulty in identifying properties involved, the concealment of assets, and the complexities of liquidating numerous properties in a timely manner, that it is in the best interests of all parties that the court-appointed Receiver assume all duties necessary to seize, manage, and liquidate the Defendants' assets in order to satisfy the personal money judgment. Id. The Receiver has continued and does continue to search for and marshal assets for the benefit of the victims of Defendants' fraudulent criminal activity.

This matter is now before the court on motion of the United States to unseal documents in the miscellaneous case. (ECF No. 376 in Cr. No. 3:08-615.) The government seeks to unseal all currently sealed filings in miscellaneous case 3:07-mc-135, including the Receiver's Reports. In the

alternative, the government moves the court to provide copies of any documents currently filed under seal to the parties in the criminal matter in advance of sentencing.

The government's motion is granted in part and denied in part. The court declines to unseal the reports from the Receiver to the court regarding the current disposition of the assets identified and located by the Receiver, as such information would compromise the Receiver in carrying out his duties and responsibilities. Administrative entries, staff notes, and ex parte motions and orders will be made available only in accordance with standard procedures promulgated by the Office of the Clerk of Court. However, the court will unseal the following documents in the miscellaneous case, subject to redaction[1] where appropriate: ECF Nos. 294, 298, 299, 301, 303, 308, 309, 311, 312, 313, 314, 316, 317, 319, 321, 322, 324, 325, 326, 329, 337, 340, 352, 354, 357, 358, 366, 367, 371, 374, 376, 383, 384, 385, 386, 387, 388, 389, 394, 396, 397, 405, 406, 410, 415, 416, 417, 419.

The court also will unseal the exhibits to the enumerated documents, subject to redaction. The Receiver is directed to notify the court within thirty (30) days as to what portions of the exhibits to these documents, if any, must be redacted, after which the Office of the Clerk of Court's is directed to unseal the exhibits to the enumerated documents. For the purpose of expediting review of the enumerated documents by the government and/or defense counsel, and to allow the Clerk's Office adequate time to complete the process of unsealing the enumerated documents, the court is attaching herewith copies of the enumerated documents, without exhibits. Should any party be desirous of reviewing an exhibit prior to unsealing, that party may make a motion to the court stating the reasons for requiring access to the exhibit.

---

[1] Redaction will be related to personal and confidential information, such as bank account numbers, social security numbers, and the like.

The Receiver is granted leave to continue to file reports to the court under seal; however, should the Receiver wish to file additional motions under seal, he must show cause in accordance with Local Civil Rule 5.03, D.S.C. The Clerk's Office is directed to amend the caption of the miscellaneous case to "In Re Receiver" and to assign a civil action number for use pending final disposition of the matters relating to the Receiver's obligations with respect to the proceeds of Defendants' criminal activities.

THE COURT WILL NOT CONSIDER ANY INFORMATION AT SENTENCING CONTAINED SOLELY IN THE RECEIVER'S REPORTS.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 10, 2010.